*Wm. H. Wells* for the motion.
*Lillibridge & Latham* against.

---

*Superior Court of Detroit.*

### MILLIE CATES

vs.

### THOMAS A. PARKER.

*Landlord and Tenant.*

Where different tenants of a building use a clothes reel in common, the landlord is liable for injuries sustained by a tenant who falls through a defective platform on which the clothes reel rests, without any fault on the part of the tenant.

Action on the case.

Defendant demurred to the plaintiff's declaration.

Defendant owned a building on Jefferson avenue, Detroit. The ground floor was occupied as a store. Rooms on the three upper floors were rented to different roomers. Plaintiff and her husband rented rooms on the second floor.

In the rear yard a post was erected near the building. A platform attached to the building extended out to the post. A clothes reel was built on this for drying clothes; all the roomers of the upper floors had the privilege of drying clothes on this reel; and to go out of the second floor rear door upon the platform to stand upon it in using the clothes reel. No covenant to put in repair or keep in repair was made with plaintiff or any tenant. Nothing was said, except "all the tenants have use of all the conveniences belonging to the building" (including coal sheds, closets, etc.) This was said by defendant or his agent when the renting was done. The lease was verbal, a renting from month to month.

The declaration in the case recited these facts, and also that while plaintiff was using the reel with care, etc., the reel gave way and fell, precipitating her to the ground below, injuring her severely.

Defendant demurred to the declaration on the ground that it did not disclose any cause of action. That a landlord who did not covenant to keep in repair was under no obligation to do so.

The general rule was admitted by plaintiff, but her

counsel claimed that a tenement house was an exception to the rule.   That all the tenants had equal right to use the reel, which was a part of the premises.   That therefore *that* part of the premises was let in common, and that no one tenant was obliged to look to its safety. No joint leasing in common was made.   It stood on the same footing as an elevator in a building ; all tenants had exclusive right to their several rooms, but a right to use the elevator, etc., in common, and the duty to keep in repair was on the landlord.

THE COURT, CHIPMAN J., overruled the demurrer on this ground, and this was the only point in the case.

On the trial the plaintiff and defendant offered their respective proofs.   Not a single exception was taken during the trial, and the only request to charge was that the plaintiff had made out no case, on the ground above referred to.   This request was refused.   The whole point in the case was therefore as described.

Verdict for the plaintiff for $2,500.

Defendant afterward paid plaintiff $2,000 and costs rather than take his chance of reversing the judgment in the Supreme Court.

*Daniel E. Prescott* for plaintiff.

*Geo. V. N. Lothrop, Chas. B. Lothrop* and *S. M. Cutcheon* for defendant.